UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-81054-CIV-MARRA/JOHNSON

CHARLOTTE TAYLOR,

    Plaintiff,

v.

ADDIE L. GREENE, in official capacity
of the Palm Beach County Board of County
Commissioners, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss Complaint and Request for Restraining Order and Motion for Preliminary Injunction or, in the alternative, for a More Definite Statement (DE 12). Plaintiff filed a response to the motion (DE 33). The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiff Charlotte Taylor brings this two-count Complaint against individual Palm Beach County Officials, Palm Beach County and Palm Tran Connection. The Complaint alleges that these Defendants have violated her rights under Title III of the American with Disabilities Act ("ADA") (count one) and seeks Declaratory Relief related to the alleged ADA violation (count two). In sum, Plaintiff alleges that her rights were violated when Palm Tran Connection, a paratransit service that provides transportation to individuals with disabilities and individuals whose income fall below the federal poverty lines, increased its fare.

Defendants move to dismiss the Complaint on the following basis: (1) Title III of the ADA applies to private entities, not public entities; (2) Plaintiff has failed to allege she is person

with a disability and instead bases her complaint on her income status; (3) there is no federal rule that prohibits Palm Beach County from raising the Palm Tran Connection fare; (4) Plaintiff is not prevented from using Palm Tran Connection and (5) the claims against the individual defendants must be dismissed because official capacity suits and direct suits against municipalities are redundant.  Defendants contend that these arguments also demonstrate that there is no likelihood of success on the merits and therefore Plaintiff's request for a preliminary injunction must be denied.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Defendants correctly point out that Plaintiff is unable to bring a claim against Defendants pursuant to Title III of the ADA .  Title III applies to pubic accommodations that are owned, operated or leased by a private entity and excludes public entities from this definition of public accommodation.  42 U.S.C. §§ 12181 & 12182; Bloom v. Bexar County, TX, 130 F.3d 722, 726-

27 (5th Cir. 1997). Nonetheless, the Court must construe Plaintiff's pro se Complaint liberally. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed "). With that in mind, the Court will examine the viability of Plaintiff's claim under Title II of the ADA.

To state a Title II claim, Plaintiff must show that: (1) she is a qualified individual with a disability; (2) she was either excluded from participation in or was denied the benefits of services, programs, or activities, or was otherwise discriminated against by a public entity and (3) such discrimination was the result of Plaintiff's disability. 42 U.S.C. § 12132; Bircoll v. Miami-Dade County, 480 F.3d 1072, 1081 (11th Cir. 2007). While Plaintiff makes a passing reference to having a disability, she does not allege any facts showing that she is a "qualified individual" with a disability and that she meets "essential eligibility requirement for receipt of services" provided by a public entity to fall under the ambit of the ADA. 42 U.S.C. § 12131(2). In fact, the vast majority of her Complaint contends that she is eligible for Palm Tran Connection based on her income, not her disability. Furthermore, she makes no allegation that she was excluded from participation in or was denied services by Palm Tran Connection. Instead, she merely objects to the fare increase imposed for Palm Tran Connection service. Nor are there any allegations suggesting that she was discriminated against by any public entity based on a disability. Based on these pleading deficiencies, the Court finds that the Complaint does not state a claim under the ADA upon which relief can be granted.[1]

---

[1] The Court notes that there is an additional ground for dismissal with respect to claims brought against the individual Defendants. The Eleventh Circuit has held that suits against a municipal officer sued in his official capacity and direct suits against municipalities are

Plaintiff does not address the arguments raised by Defendants. Instead, she "responds to the balance of the issues" by seeking leave to amend her Complaint under Rule 15 of the Federal Rules of Civil Procedure. In seeking leave to amend, she points to Florida Statute § 320.03(9) which states:

> A nonrefundable fee of $1.50 shall be charged on the initial and renewal registration of each automobile for private use, and on the initial and renewal registration of each truck having a net weight of 5,000 pounds or less. Such fees shall be deposited in the Transportation Disadvantaged Trust Fund created in part I of chapter 427 and shall be used as provided therein, except that priority shall be given to the transportation needs of those who, because of age or physical and mental disability, are unable to transport themselves and are dependent upon others to obtain access to health care, employment, education, shopping, or other life-sustaining activities.

Florida Statute §320.03(9). Based on that statute, Plaintiff argues that Defendants are not "complying with State laws" by "declar[ing] the money county money and us[ing] the money in a different manner than required by State law." (DE 33 at 2-3.)

The Court finds that Plaintiff's proposed amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (futility of amendment is a ground upon which leave to amend can be denied). Such an amendment does not address any of the pleading deficiencies in the ADA claim. Moreover, Plaintiff fails to provide legal support demonstrating that there is a private right of action under this state statute. Even assuming there is a private cause of action, the Court does not choose to exercise jurisdiction over the state claim given that the federal claim has been dismissed. See Raney v. Allstate Ins. Co., 370 F.3d 1086 (11th Cir. 2004).

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's

---

"functionally equivalent." Thus, there is no need to bring official capacity suits against individual government officials because the local government unit can be sued directly. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).

Motion to Dismiss Complaint and Request for Restraining Order and Motion for Preliminary Injunction or, in the alternative, for a More Definite Statement (DE 12) is **GRANTED**. Leave to amend will not be granted because it would be futile. There is no suggestion in the complaint or in Plaintiff's response to Defendants' Motion to Dismiss that Plaintiff is being denied services or benefits based upon a disability. This Court would not have jurisdiction over Plaintiff's asserted state law claim in the absence of a viable federal claim.

The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of February, 2009.

_____
KENNETH A. MARRA
United States District Judge