UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-81054-CIV-MARRA/JOHNSON

CHARLOTTE TAYLOR,

    Plaintiff,

v.

ADDIE L. GREENE, in official capacity
of the Palm Beach County Board of County
Commissioners, et al.,

    Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Motion to Dismiss Second Amended Complaint or, in the Alternative, for a More Definite Statement (DE 73) and Plaintiff's Request for a Hearing on "Defendants' Motion to Dismiss Second Amended Complaint or, in the Alternative, for a More Definite Statement" (DE 75). The Court has carefully reviewed the motions and is otherwise fully advised in the premises.

I. Background

Plaintiff Charlotte Taylor ("Plaintiff") has filed a "First [Amended] Complaint"[1] against several Palm Beach County commissioners, Palm Beach County, the State of Florida, the Florida Department of Financial Services, Palm Tran and Palm Tran Connection. (DE 70.) The SAC asserts eleven causes of action, including "Count One (of the ADA);" "Count Two (Declaratory

---

[1] Plaintiff filed an initial complaint on September 23, 2008 (DE 1), an amended complaint on July 7, 2010 (DE 58) and requested leave to amend on August 10, 2010 (DE 63), which the Court granted (DE 65). Thus, the operative complaint is now a second amended complaint ("SAC") and the Court will refer to it as such throughout this Order.

Relief)" and "Count Three (Ordinances Which Regulated Defendants Paratransit Service Are Unconstitutional)." Counts Four through Eleven are brought against the individual county commissioners for denial of Plaintiff's constitutional rights. In sum, the SAC alleges that changes to the Palm Tran public transportation system have violated Plaintiff's rights.

II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).  If a pleading "fails to specify the allegations in a manner that provides sufficient notice" or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Sisk v. Texas Parks & Wildlife Dep't, 644 F.2d 1056, 1059 (5th Cir. 1981).[2]  The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail.  Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993).

Courts typically grant motions under Rule 12(e) for "shotgun" pleadings, in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  Anderson v. District Bd. of Tr. of Cent. Florida Cmty Coll., 77 F.3d 364, 366 (11th Cir. 1996).  Plaintiff has the burden to provide defendant with a "short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2).  As explained by another court, "[t]he claim of the plaintiff in his complaint is sufficiently definite to enable the defendant to know with what it is charged, and it is reasonably able therefrom to respond whether it did the thing charged."  Dennis v. Begley Drug Co. of Tennessee, Inc., 53 F.R.D. 608, 609 (E.D. Tenn. 1971).  However, a pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it.  Such detail should not be left to discovery, for the "purpose of discovery is to find out

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

additional facts about a well-pleaded claim, not to find out whether such a claim exists." <u>Stoner v. Walsh</u>, 772 F. Supp. 790, 800 (S.D.N.Y. 1991).

### III. Discussion

Count one of the SAC contains 72 paragraphs spanning 11 pages, and provides numerous citations, including citations to the ADA, the Rehabilitation Act and the ADA's regulations. It appears that Plaintiff seeks to bring a claim that Defendants violated 42 U.S.C. § 12143.[3] The claim, however, lacks the necessary clarity to allow Defendants to formulate a responsive pleading. While Plaintiff refers to Defendant's failure to provide her "paratransit or other special transportation services in accordance with the plan or modified plan that was submitted to the Secretary under this plan" (SAC ¶ 31), Plaintiff does not allege what the plan requires. As a result, Defendants, as well as this Court, are unable to determine whether the performance deficiencies alleged give rise to a valid claim. As such, the pleading is conclusory. Moreover, to the extent that Plaintiff seeks to bring a claim for redress pursuant to the ADA regulations, the

---

[3] Section 12143(a) of Title 42 provides as follows:

(a) General Rule

It shall be considered discrimination for purposes of section 12132 of this title and section 794 of Title 29 for a public entity which operates a fixed route system (other than a system which provides solely commuter bus service) to fail to provide with respect to the operations of its fixed route system, in accordance with this section, paratransit and other special transportation services to individuals with disabilities, including individuals who use wheelchairs, that are sufficient to provide to such individuals a level of service (1) which is comparable to the level of designated public transportation services provided to individuals without disabilities using such system; or (2) in the case of response time, which is comparable, to the extent practicable, to the level of designated public transportation services provided to individuals without disabilities using such system.

"[regulations] do not, themselves, create a private right of action and remedy." American Association of People with Disabilities v. Harris, 605 F.3d 1124, 1135 (11th Cir. 2010).

The Court also notes that count one contains numerous other complaints which are incomprehensible. For example, Plaintiff challenges the fare increase for use of the "Transportation Disadvantaged" program. It is unclear, however, how or why the fare increase constitutes a violation of the law. Plaintiff must connect the various complaints she has asserted to a specific legally mandated requirement for which a cause of action may be brought. This she has failed to do. For these reasons, count one is subject to dismissal for failure to state a claim. In addition, Defendants are entitled to a more definite statement.

Count two seeks declaratory relief pursuant to 28 U.S.C. § 2201. Specifically, this count states "defendants have continued to assert their policy and attempt to enforce it" and seeks a declaration that the "ADA prohibits banning [Plaintiff] from transportation based on disability." (SAC ¶¶ 98, 100(1).) In other words, this count seeks a declaration that the allegations in count one give rise to a claim under the ADA.

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In deciding whether to entertain a declaratory judgment action, district courts are provided "ample" discretion. Kerotest Manufacturing, Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183-84 (1952) ("an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts" in their decision to adjudicate declaratory judgment claims); see MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007) ("The

Declaratory Judgment Act provides that a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so) (emphasis in original).  The Court's discretion extends to whether to sustain a declaratory judgment action when a direct action involving the same parties and the same issues has already been filed.  Knights Armament Co. v. Optical Systems Tech., Inc., 568 F. Supp. 2d 1369, 1364-75 (M.D. Fla. 2008).  Moreover, a declaratory judgment serves to clarify the legal relations and is not for the purpose of making factual determinations. Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC, 650 F. Supp. 2d 1213, 1231 (S.D. Fla. 2009); Eisenberg v. Standard Ins. Co., No. 09-80199, 2009 WL 1809994, at * 3 (S.D. Fla. June 25, 2009).

With this in mind, the Court declines to extend its jurisdiction over the declaratory judgment claim.  Count two is entirely duplicative of count one.  Should Plaintiff prevail in count one, she will obtain the same relief sought in count two.  Furthermore, to award Plaintiff any relief under count two, it will be necessary for the Court to make factual determinations as to whether Defendants violated the ADA.  For these reasons, count two is dismissed.

Count three alleges that various Palm Beach County ordinances which regulate Palm Tran and Palm Tran Connection are unconstitutional.  Significantly, Plaintiff does not identify the ordinances to which she objects.  In her response to the motion to dismiss, Plaintiff "concedes that it is a required element to give the ordinance number to be held unconstitutional." (Resp. at 11.)  Nonetheless, Plaintiff states that because the Court has not permitted discovery, she has been unable to obtain a copy of the ordinances.  (Resp. at 11.)  However, discovery does not serve the function of providing Plaintiff with legal research.  See Indiana Coal Council v. Hodel, 118 F.R.D. 264, 266 (D.D.C. 1998) ("the coercive power of discovery can be invoked to uncover

facts, but the task of researching the law is left to the parties themselves"); Oakes v. Havorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998) ("the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute"). Given that Plaintiff has not identified the ordinances she claims are unconstitutional, the Court dismisses count three of the SAC.

Counts four through eleven are brought against individual members of Palm Beach County Commission for "violat[ing] the Constitution" (SAC ¶¶ 106, 113, 120, 127, 134, 141, 148, 155) and the ADA. To the extent Plaintiff seeks to bring a claim pursuant to 42 U.S.C. § 1983, any claim brought against these members in their official capacities would be barred. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) ("when an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer in an agent, [and thus], [s]uch suits against [the] municipal officer[ ] are . . . suits directly against the city that the officer represents"); see also Penley v. Eslinger, 605 F.3d 843, 854 (11th Cir. 2010) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.") (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)).

When government officials are sued in their individual capacities, "qualified immunity offers complete protection as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Oliver v. Fiorino, 586 F.3d 898, 904 (11th Cir.2009) (quoting McCullough v. Antolini, 559 F.3d 1201, 1205 (11th Cir. 2009). Qualified immunity protects officials acting within the scope of their discretionary authority at the time of the incident. McCullough, 559 F.3d at 1205. The Supreme Court has

established a two-part test for determining whether government officials are entitled to qualified immunity, and the district court has discretion to determine in what order to address each part. Pearson v. Callahan, --- U.S. ----, ----, 129 S. Ct. 808, 818 (2009). The plaintiff must prove that (1) the government official violated his or her constitutional or statutory rights and (2) those rights were clearly established at the time the official acted. Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1273 (11th Cir.2008).

Here, Plaintiff has failed to identify a specific constitutional right that was allegedly violated. Nor has Plaintiff alleged specific facts to support the claim that her constitutional rights were violated. These deficiencies are fatal to her claim.[4] See Chesser v. Sparks, 248 F.3d 1117, 1122 (11th Cir. 2001) ("A plaintiff cannot avoid the qualified immunity defense by referring to general rules and to the violation of abstract rights.") (internal quotation marks omitted); United States Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001) ("To state a claim under § 1983, a party must also prove a violation of a particular constitutional or federal statutory provision."); Collier v. Dickinson, 477 F.3d 1306, 1308 (11th Cir. 2007) (in examining qualified immunity, court must first evaluate whether the plaintiff's allegations establish a violation of a constitutional or statutory right). For these reasons, count four through eleven are dismissed.

The Court will permit Plaintiff another opportunity to amend her complaint. The Court hopes that by granting Plaintiff leave to amend the SAC with these directives in mind, Plaintiff

---

[4] The Court addresses only Plaintiff's potential constitutional claims because Plaintiff cannot bring an action under section 1983 against a state actor in his or her individual capacity to vindicate rights created by Title II of the ADA. Holbrook v. City of Alpharetta, Ga., 112 F.3d 1522, 1530-31 (11th Cir. 1997) (Title I of ADA and Rehabilitation Act); see Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (Title II of ADA and Rehabilitation Act); Lollar v. Baker, 196 F.3d 603, 609-10 (5th Cir. 1999) (Rehabilitation Act); Alsbrook v. City of Maumelle, 184 F.3d 999, 1011 (8th Cir. 1999) (Title II of ADA).

will be able to conform her pleading in line with the dictates of Rule 8 and the law cited herein.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendants' Motion to Dismiss Second Amended Complaint or, in the Alternative, for a More Definite Statement (DE 73) is **GRANTED.** Plaintiff may file an amended complaint **no later than January 7, 2011.**

2) Plaintiff's Request for a Hearing on "Defendants' Motion to Dismiss Second Amended Complaint or, in the Alternative, for a More Definite Statement" (DE 75) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of December, 2010.

KENNETH A. MARRA
United States District Judge