UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-81054-CIV-MARRA/JOHNSON

CHARLOTTE TAYLOR,

Plaintiff,

v.

ADDIE L. GREENE, in official capacity
of the Palm Beach County Board of County
Commissioners, et al.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss the Third Amended Complaint or, in the Alternative, for a More Definite Statement (DE 90). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

Plaintiff filed an initial complaint on September 23, 2008 (DE 1), an amended complaint on July 7, 2010 (DE 58) and requested leave to amend on August 10, 2010 (DE 63), which the Court granted (DE 65). Plaintiff then filed the Second Amended Complaint (DE 70), which the Court dismissed with leave to amend on December 26, 2010 (DE 83). On February 1, 2011, Plaintiff filed the Third Amended Complaint ("TAC") (DE 89), which Defendants now move to dismiss. In rendering this Order, the Court presumes familiarity with its prior Orders.

Plaintiff brings a two-count TAC, alleging a violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Defendants move to dismiss the TAC, claiming that the

TAC has failed to remedy the pleading deficiencies of her prior pleading. Specifically, Defendants contend that (1) the TAC is incomprehensible; (2) the TAC fails to state a claim based on disability and instead raises the issue of a fare increase on individuals who receive paratransit services due to income levels, and not disability; (3) the TAC does not state what the service plan required and (4) the TAC attempts to state a cause of action based on a violation of the ADA's implementing regulations.

II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a

plaintiff has stated a claim for which relief could be granted. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

III.  Discussion

The Court's most recent order, which dismissed the SAC, identified numerous pleading deficiencies with respect to the claim brought pursuant to 42 U.S.C. § 12143.[1]  For example,

---

[1] Section 12143(a) of Title 42 provides in pertinent part:

(a) General rule

It shall be considered discrimination for purposes of section 12132 of this title and section 794 of Title 29 for a public entity which operates a fixed route system (other than a system which provides solely commuter bus service) to fail to provide with respect to the operations of its fixed route system, in accordance with this section, paratransit and other special transportation services to individuals with disabilities, including individuals who use wheelchairs, that are sufficient to provide to such individuals a level of service (1) which is comparable to the level of designated public transportation services provided to individuals without disabilities using such system; or (2) in the case of response time, which is comparable, to the extent practicable, to the level of designated public transportation services provided to individuals without disabilities using such system.

. . . .

(c) Required contents of regulations

(7) Plans

The regulations issued under this section shall require that each public entity which operates a fixed route system--

(A) within 18 months after July 26, 1990, submit to the Secretary, and commence implementation of, a plan for providing paratransit and other special transportation services which meets the requirements of this section; and

(B) on an annual basis thereafter, submit to the Secretary, and commence implementation of, a plan for providing such services.

. . . .

while Plaintiff's previous pleading referred to Defendant's failure to provide her "paratransit or other special transportation services in accordance with the plan or modified plan that was submitted to the Secretary under this plan" (Second Am. Compl. ¶ 31), Plaintiff did not allege what the plan requires. For that reason, the Court ordered Plaintiff to allege what the plan required.

A review of the TAC, however, reveals that Plaintiff has not alleged what the plan required. Instead, Plaintiff has merely stated what the ADA regulations require or prohibit, and prefaced this with "the plan requires" or "the plan does not allow." (See TAC ¶ ¶ 32(a),(c)-(f),

---

(e) "Discrimination" defined

As used in subsection (a) of this section, the term "discrimination" includes--

(1) a failure of a public entity to which the regulations issued under this section apply to submit, or commence implementation of, a plan in accordance with subsections (c)(6) and (c)(7) of this section;

(2) a failure of such entity to submit, or commence implementation of, a modified plan in accordance with subsection (d)(3) of this section;

(3) submission to the Secretary of a modified plan under subsection (d)(3) of this section which does not meet the requirements of this section; or

(4) a failure of such entity to provide paratransit or other special transportation services in accordance with the plan or modified plan the public entity submitted to the Secretary under this section.

(h)-s), (u)-(y),(mm), (ww), (yy)-(aaa), (eee), (kkk); 39, 42.) This pleading approach is problematic for several reasons. First, the Court has already ruled that, to the extent Plaintiff seeks to bring a claim for redress pursuant to the ADA regulations, the "[regulations] do not, themselves, create a private right of action and remedy." American Association of People with Disabilities v. Harris, 605 F.3d 1124, 1135 (11th Cir. 2010); see also DE 83 at 4-5. Furthermore, section 12143(e) does not impose liability when a transportation provider has not complied with the Department of Transportation's regulations, but instead when a transportation provider has failed to "take some action or to implement some procedure that is included in a plan or annual update." Anderson v. Rochester-Genesee Regional Transp. Auth., 337 F.3d 201, 216 (2d Cir. 2003); see also O'Connor v. Metro Ride, Inc., 87 F. Supp. 2d 894, 900 (D. Minn. 2000) (because the defendants incorporated "door-through-door service in the paratransit plan they proposed to the Department of Transportation,. . . [a] jury could reasonably find that the [defendant's] alleged failure to provide service 'in accordance with the plan' constituted unlawful disability discrimination."). In other words, in making a claim for noncompliance with the plan submitted to the Department of Transportation, it is necessary for a plaintiff to identify a "specific action or procedure" in a defendant's submission to the Department of Transportation that a defendant failed to implement. Anderson, 337 F.3d at 216. As a threshold matter, then, Plaintiff must first allege what the plan required, not what the regulations state. Without alleging what the plan requires, Plaintiff cannot supply the necessary factual allegations to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

    Moreover, there are a myriad of allegations that appear to stem from Plaintiff's individual experience wherein the disabled transportation service allegedly refused to take her to a doctor's

5

appointment (TAC ¶ 32(cc)), or only provided limited transportation service based on "trip purpose restrictions"and "capacity restraints" (TAC ¶ 32((oo)) or used a waiting list (TAC ¶ uuIV).  These individual experiences of Plaintiff, however, cannot be viewed in isolation. Instead, to be actionable, they must be related to and inherent in the plan. See Anderson, 337 F.3d at 212 (while "providers are required to meet 100% of the demand for next-day ride requests," it is understood that "even well-laid plans may misfire on occasion" which will result in the "denial of an insubstantial number of trips" which is not actionable if those denials are not "attributable to the design of the paratransit system"); see also Everybody Counts, Inc. v. Northern Ind. Regional Planning Commission, No. 2:98 CV 97, 2006 WL 287167, at * 6 (N.D. Ind. Feb. 3, 2006) ("untimely trips . . . may also be permissible where they are infrequent and caused by failures that are not inherent in the provider's plan"); Liberty Resources, Inc. v. Southeastern Pa. Transp. Auth., 155 F. Supp. 2d 242, 255 (E.D. Pa.2001), vacated as moot, 54 Fed. Appx. 769 (3d Cir. 2002) (finding a pattern and practice of violating the ADA where the transit authority made no effort to provide rides to 100% of its riders).

Equally problematic with the TAC are the numerous other incomprehensible complaints. Count one has now been expanded to 98 paragraphs spanning 15 pages, from the 72 paragraphs spanning 11 pages of the Second Amended Complaint.  Within those paragraphs, Plaintiff continues to press a complaint regarding the fare increase with respect to the "Transportation Disadvantaged" program without explaining how this fare increase constitutes a violation of the ADA, despite the Court's prior Order explaining why such a claim is suspect.  With respect to the remaining paragraphs, the Court is unable to discern what, if any, other theories Plaintiff is advancing.

Finally, Plaintiff has added a claim pursuant to the Rehabilitation Act.[2] Putting aside whether the Court's prior Order granted Plaintiff leave to add a new claim as opposed to simply amending her existing claims, this claim suffers from the same pleading deficiencies previously highlighted. Specifically, Plaintiff claims Defendants have failed to provide her with transportation services in accordance with the plan or modified plan (TAC ¶ 49), without identifying the provisions of the plan in contravention of the Court's prior Order.

When a complaint fails to state a claim for relief, a district court may grant leave to amend subject to reasonable conditions and limitations. Garfield v. NDC Health Corp., 466 F.3d 1255, 1270-71 (11th Cir.2006). However, even the leniency afforded *pro se* litigants cannot extend *ad infinitum*. See Anderson v. Vanguard Car Rental USA, Inc., 304 Fed. Appx. 830, 832 (11th Cir.2008); GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds, Iqbal, 129 S. Ct at 1950; Lampkin-Asam v. Volusia County School Bd., 261 Fed. Appx. 274, 276 (11th Cir.2008) (dismissing *pro se* plaintiff's second amended complaint, with prejudice, for being a "labyrinth of claims, counts, accusations and repetition."). A district court need not allow an amendment: 1) where there has been undue delay . . . or repeated failure to cure deficiencies by amendments previously allowed; 2) where allowing amendment would cause undue prejudice to the opposing party; or 3) where amendment would be futile. Anderson, 304 Fed. Appx. at 832 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th

---

[2] Section 504 of the Rehabilitation Act and Title II of the ADA "offer essentially the same protections for people with disabilities," the most significant distinction being that section 504 only applies to those government agencies or departments that accept federal funds. Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 113 & n.12 (2d Cir. 2001); Randolf v. v. Rodgers, 170 F.3d 850, 858 (8th Cir. 1999); McPherson v. Michigan High School Athletic Ass'n, Inc., 119 F.3d 453, 460 (6th Cir. 1997).

Cir. 2001)); accord Jeremiah v. Burnette, 297 Fed. Appx. 854, 855 (11th Cir.2008) (holding that a district court may properly deny a *pro se* plaintiff leave to amend when such amendment would be futile.) (citing Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir.2004)).

In the instant case, Plaintiff has had ample opportunity to amend. In total, Plaintiff has filed four separate complaints in attempt to state a claim, and has failed to do so. It is apparent that permitting an additional opportunity to amend would be futile.  Additionally, it is established that the Court need not allow amendment where it would cause undue prejudice to Defendants.  At this point, the Court concludes that allowing future amendment would cause Defendants undue prejudice.[3]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss the Third Amended Complaint or, in the Alternative, for a More Definite Statement (DE 90) is **GRANTED IN PART AND DENIED AS MOOT IN PART**.  The motion to dismiss is granted and the alternative relief for a more definite statement is denied as moot.  Plaintiff's Third Amended Complaint is **DISMISSED WITH PREJUDICE**.  The clerk shall **CLOSE** this

---

[3] The Court notes that there are additional Defendants named in the TAC, some of whom have never been served, despite the initial Complaint having been filed in 2008.  In any event, none of the allegations of the TAC state a claim upon which relief can be granted against any of the remaining Defendants.

case and all pending motions are **DENIED AS MOOT.**  The Court shall separately issue a final judgment in favor of Defendants.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of March, 2011.

                                                      KENNETH A. MARRA
                                                      United States District Judge